# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GEORGE GALOVICH, | Civil Action No. 13 – 1686 |
| Petitioner, | |
| | District Judge David S. Cercone |
| v. | Chief Magistrate Judge Lisa Pup Lenihan |
| DISTRICT ATTORNEY OF BUTLER COUNTY, | |
| Respondent. | |

## REPORT AND RECOMMENDATION

**I. RECOMMENDATION**

For the reasons that follow, it is respectfully recommended that the petition for writ of habeas corpus (ECF No. 1) be summarily dismissed for lack of jurisdiction, that a certificate of appealability be denied and that this case be closed.

**II. REPORT**

George Galovich ("Petitioner") has petitioned this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("the petition" or "habeas petition"). He challenges his October 24, 2005 Butler County conviction at case number 200401562 for Theft by Failure to Make Required Disposition of Funds Received.[1] On November 22, 2005, he was sentenced to a term

---

[1] In his habeas petition, Petitioner claims that after discovered video evidence would have directly contradicted the trial testimony of the constable and the Chief of Police for Mars, Pennsylvania, and it would have raised a strong inference that exculpatory evidence was purposely destroyed. He claims that he filed a petition for post-conviction relief on November 30, 2009, regarding this new evidence, but the trial court failed to adjudicate his claim thus resulting in a due process violation.

1

of 18 months of probation with the first 90 days to be served on an electric monitor. That sentence was made to run consecutive to any prior sentence.

At the time of sentencing, Petitioner was waiting to serve a sentence imposed on June 22, 2005 for another Butler County conviction at case number 200401634. The sentence imposed in case number 200401634 consisted of 45-90 days in jail with 1 year of probation. That sentence, however, was stayed pending appeals to the Superior Court and Pennsylvania Supreme Court. On August 27, 2007, Petitioner began his sentence in case number 200401634. The record reveals that Petitioner's sentence expired on October 10, 2008. (August 27 + 45 days = October 10, 2007 + 1 year of probation = October 10, 2008). Petitioner began his sentence for case number 200401562 on October 10, 2008, and it expired on April 10, 2010. He filed the instant petition for writ of habeas corpus on November 26, 2013.

Petitioner is no longer in custody for the judgment of sentence that he is challenging and therefore this Court does not have jurisdiction over his petition. In this regard, 28 U.S.C. § 2254(a) provides that federal habeas jurisdiction permits the entertaining of "an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is **in custody** in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis added). *See also* id. § 2254(b) ("An application for a writ of habeas corpus on behalf of a person **in custody** pursuant to the judgment of a State court shall not be granted unless it appears that … ") (emphasis added). In light of this language, the Court of Appeals for the Third Circuit has declared that "the *sine qua non* of federal habeas corpus jurisdiction is that petitioner be 'in custody'[.]" United States ex rel. Dessus v. Commonwealth of Pennsylvania, 452 F.2d 557, 559-60 (3d Cir. 1971). It explained:

> The sole justification of federal habeas jurisdiction for a state prisoner is the statutory mandate that the applicant be a "person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254. Indeed, in the seminal case of Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963), Mr. Justice Brennan was careful to emphasize: "The jurisdictional prerequisite is not the judgment of a state court but detention *simpliciter*." 372 U.S. at 430, 83 S.Ct. at 844. Thus, custody is the passport to federal habeas corpus jurisdiction. Without custody, there is no detention. Without detention, or the possibility thereof, there is no federal habeas jurisdiction.

Id. at 560 (footnote omitted). *See also* Brian R. Means, Federal Habeas Manual § 1:3 (June 2012) ("The custody requirement is jurisdictional.") (citing, *inter alia*, Maleng v. Cook, 490 U.S. 488, 490 (1989) (*per curiam*)). The Court of Appeals for the Third Circuit also has explained that "[i]n making a custody determination, a court looks to the date that the habeas petition was filed." Barry v. Bergen County Probation Dep't, 128 F.3d 152, 159 (3d Cir. 1997). *See also* Federal Habeas Manual § 1:4 ("In order to satisfy the custody requirement, the petitioner must be in custody at the time the petition is filed in federal court.") (citing Spencer v. Kemna, 523 U.S. 1, 7 (1998)). With respect to the instant matter, the Court should summarily dismiss the habeas petition for lack of jurisdiction.

28 U.S.C. § 2253 provides that "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Where the district court has rejected a constitutional claim on its merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of

the constitutional claims debatable or wrong." Id. Applying those standards here, jurists of reason would not find it debatable whether the petition should be summarily dismissed. Accordingly, a certificate of appealability should also be denied.

### III. **CONCLUSION**

For the forgoing reasons, it is respectfully recommended that the petition for writ of habeas corpus (ECF No. 1) be summarily dismissed for lack of jurisdiction, that a certificate of appealability be denied and that this case be closed.

In accordance with the applicable provisions of the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B)&(C), and Rule 72.D.2 of the Local Rules of Court, the parties shall have fourteen (14) days from the date of the service of this report and recommendation to file written objections thereto. Any party opposing such objections shall have fourteen (14) days from the date on which the objections are served to file its response. A party's failure to file timely objections will constitute a waiver of that party's appellate rights.

Dated: April 15, 2014.

/s/ Lisa Pupo Lenihan
Lisa Pupo Lenihan
Chief United States Magistrate Judge

cc: Counsel of Record
 *Via CM/ECF Electronic Mail*